IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-05-CR-171 LY |
| | § | |
| JOHN DAVID GARCIA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on March 21, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On April 24, 2006, the Defendant was sentenced by Judge Yeakel to 54 months of imprisonment and three years of supervised release for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The Defendant's supervision commenced on August 25, 2009.

The Defendant had significant health problems while on supervision, which resulted in him missing several sessions with mental health and substance abuse counselors. He also tested positive for the use of amphetamines. The Court was notified of these issues in March 2010, and concurred with the Probation Office's recommendation to increase the Defendant's counseling sessions, with no other action at that time. Thereafter, the Defendant was generally in compliance with his

conditions, although his health situation continued to interfere with his ability to attend counseling sessions. Because the Defendant was living with his girlfriend in San Antonio, and in light of his health issues, the Probation Office informed the Defendant in December 2010 that it intended to relax the counseling session requirements and transfer his case to the San Antonio Probation Office for supervision.

Before these changes were implemented, however, the Defendant was arrested on New Year's Eve in Floresville, TX, for aggravated assault with a deadly weapon, as a result of his allegedly threatening partygoers with a knife at a New Year's party. The arresting officers' report indicated that the Defendant was highly intoxicated at the time of his arrest. The Defendant was released on a bond on that case on February 1, 2011, but failed to notify his Probation Officer of his arrest. The case remains pending in Wilson County, with the DA's office indicating that it intends to submit the case to a grand jury in May 2011.

On February 16, 2011, the Probation Office submitted its petition, alleging that the Defendant had violated his conditions by using alcohol, by failing to report in January and February 2011, and by failing to notify the Probation Office of his arrest. The petition does not allege the arrest as a violation. The undersigned ordered the issuance of a warrant on February 18, 2011. The Defendant was arrested on that warrant on March 9, 2011.

On March 21, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) consuming alcohol; (2) failing to report during the months of January and February 2011, and (3) failing to report his arrest to the Probation Office.

III.   RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.  The most serious violation is a Grade C, and the Defendant's criminal history category is VI, resulting in an (advisory) guideline range of 8 to 14 months of imprisonment.  The Court has considered all of the above, as well as the Defendant's health condition and the fact that the petition was not based on the Defendant's arrest (which matter remains pending before a state court), and RECOMMENDS that the Defendant be sentenced to 6 months of imprisonment, with no supervised release to follow.  The Court FURTHER RECOMMENDS that the Bureau of Prisons designate that the Defendant serve this sentence in a facility that can accommodate his health care needs, which may require placement in a federal medical center.

IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

    SIGNED this 23rd day of March, 2011.

                                            ANDREW W. AUSTIN
                                            UNITED STATES MAGISTRATE JUDGE